Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **David White, II** |
| | Name: First    Middle    Last |
| Debtor 2 | **Rebecca Wolfe** |
| (Spouse, if filing) | Name: First    Middle    Last |
| Case number: | **19-81308** |
| (If known) | |

Check if this is an amended plan ☐
Amends plan dated: _____

# Chapter 13 Plan

## Part 1   Notices

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.**

☐ **The plan sets out nonstandard provision(s) in Part 9.**

## Part 2   Plan Payments and Length of Plan

**2.1**   **Debtor(s) will make regular payments to the trustee as follows:**

**$450** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2**   **Regular payments to the trustee will be made from future income in the following manner** *(check all that apply):*

☑   Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:
    **Wayne Farms LLC**
☐   Debtor(s) will make payments directly to the trustee.
☐   Other (specify method of payment)

**2.3**   **Income tax refunds and returns.** *Check one.*

| Debtor | David White, II Rebecca Wolfe | Case number | 19-81308 | Eff (01/01/2019) |

- [✓] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.
- [ ] Debtor(s) will treat income tax refunds as follows:
  _____
- [ ] Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

2.4 **Additional Payment** *Check all that apply.*
  - [✓] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5 **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3  Treatment of Secured Claims

3.1 **Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*
  - [✓] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

3.2 **Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*
  - [✓] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*
  - [ ] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
  - [✓] The claims listed below:
    1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
    2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
    3. are fully secured.

    These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

    The holder of any claim listed below will retain the lien until the earlier of:

    (a) payment of the underlying debt determined under nonbankruptcy law, or

    (b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| Colonial Auto Finance | $20.00 | $5,974.00 | 2009 Dodge Caliber SXT | $2,062.50 | 5.25% | $209.00 | |
| Colonial Auto Finance | $21.00 | $4,307.00 | 2003 Hyundai Santa Fe | $2,125.00 | 5.25% | $151.00 | |
| Farmers Furniture | $15.00 | $1,189.00 | Furniture | $1,189.00 | 5.25% | $42.00 | |

3.4 **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**  **Surrender of collateral.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1**  **General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2**  **Chapter 13 case filing fee.** *Check one.*

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3**  **Attorney's fees.**

The total fee requested by Debtor(s)' attorney is **$3,500.00**. The amount of the attorney fee paid prepetition is **$110.00**. The balance of the fee owed to Debtor(s)' attorney is **$3,390.00**, payable as follows (*check one*):

☐ $ at confirmation and $ per month thereafter until paid in full, or
☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4**  **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5**  **Domestic support obligations.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
☑ Each of the allowed priority claim(s) listed below is based on a domestic support obligation that is owed to a domestic support obligation claimant (e.g., a former spouse or custodial parent) or based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid in full. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

☐ One or more of the allowed priority claim(s) listed below is based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C. § 1322(a)(4). This plan provision requires that payments in § 2.1 be for a term of 60 months. See 11 U.S.C. § 1322(a)(4). Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Will Claim be Paid in Full? (yes or no)? | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|---|
| Tennessee Child Support | $39.00 | ☑ Yes ☐ No | | |
| Christina Rizzuto | $0.00 | ☑ Yes ☐ No | | |

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**  **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2**  **Percentage, Base, or Pot Plan.** *Check one.*

☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐ Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
☐ Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.

☑ Base Plan. This plan proposes to pay $ **27,000.00** to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

5.3 **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
   ☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

5.4 **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

   ☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

5.5 **Other separately classified nonpriority unsecured claims.** *Check one.*

   ☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

## Part 6. Executory Contracts and Unexpired Leases

6.1 **The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

   ☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

6.2 **The executory contracts and unexpired leases listed below are rejected:** *Check one.*

   ☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

## Part 7. Sequence of Payments

7.1 Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

## Part 8. Vesting of Property of the Estate

8.1 **Property of the estate will vest in Debtor(s)** *(check one)*:

   ☑ Upon plan confirmation.

   ☐ Upon entry of Discharge

## Part 9. Nonstandard Plan Provisions

   ☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

## Part 10. Signatures:

**Signature(s) of Debtor(s) required.**

**Signature(s) of Debtor(s)** *(required)*:

X  **/s/ David White, II**                                Date  **May 10, 2019**
   David White, II

X  **/s/ Rebecca Wolfe**                                  Date  **May 10, 2019**
   Rebecca Wolfe

**Signature of Attorney for Debtor(s):**
X  **/s/ John C. Larsen**                                 Date  **May 10, 2019**

| Debtor | **David White, II**<br>**Rebecca Wolfe** | Case number | **19-81308** | Eff (01/01/2019) |
|---|---|---|---|---|

**John C. Larsen**
**1733 Winchester Road**
**Huntsville, AL 35811**
**256-859-3008**

Name/Address/Telephone/Attorney for Debtor(s):

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In Re: David White II | ) | |
| SSN: XXX-XX-4346 | ) | |
| Rebecca Wolfe | ) | Case No. 19-81308-CRJ13 |
| SSN: XXX-XX-4864 | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the Chapter 13 Plan has been served upon all creditors listed on the matrix electronically or by depositing copies for the creditors listed below in the United States Mail, properly addressed and postage prepaid, on this the 10th day of May, 2019.

A copy was served electronically on Michele Hatcher, Chapter 13 Trustee, on this the 10th day of May, 2019.

/s/ John C. Larsen

```
Label Matrix for local noticing          U. S. Bankruptcy Court                   AT&T
1126-8                                    400 Well Street                          One AT&T Way
Case 19-81308-CRJ13                       P. O. Box 2775                           Bedminster, NJ 07921-2694
NORTHERN DISTRICT OF ALABAMA              Decatur, AL 35602-2775
Decatur
Fri May 10 14:20:58 CDT 2019

Aaron's Rental                            Advance America                          Advance America, Cash Advance Centers of AL,
629 US-Hwy 72 W.                          1820 6th Ave SE                          135 North Church Street
Athens, AL 35611-4211                     Decatur, AL 35601-6044                   Spartanburg, SC 29306-5138

America's Car-Mart INC                    Autovest, L.L.C.                         Caine & Weiner
PO BOX 2580                               P O Box 2247                             Attn: Bankruptcy
Bentonville, AR 72712-7701                Southfield, MI 48037-2247                5805 Sepulveda Blvd
                                                                                   Sherman Oaks, CA 91411-2546

Cash Express, LLC                         Charter Spectrum                         Colonial Auto Finance
345 South Jefferson Avenue, Suite 300     12405 Powerscourt Dr., Suite 100         Attn: Bankruptcy
Cookeville, TN 38501-3456                 Saint Louis, MO 63131-3673               802 Se Plaza Ave, Ste 200
                                                                                   Bentonville, AR 72712-3220

Covington Credit/smc                      Credit Central                           (p)DIRECTV LLC
150 Executive Center Drive                10963 Kingston Pike                      ATTN BANKRUPTCIES
Greenville, SC 29615-4505                 Knoxville, TN 37934-2932                 PO BOX 6550
                                                                                   GREENWOOD VILLAGE CO 80155-6550

(p)FARMERS FURNITURE                      Farmers Home Furniture-Moulton, AL       Fin Accts Sv
ATTN CORPORATE CREDIT DEPT                Attn: Corporate Credit Department        8300 Kingston Pike
PO BOX 1140                               P.O. Box 1140                            Knoxville, TN 37919-5449
DUBLIN GA 31040-1140                      Dublin, GA 31040-1140

Fingerhut                                 Franklin Collection Service, Inc.        Hunter Warfield
P.O. Box 70283                            Attn: Bankruptcy                         Attention: Bankruptcy
Philadelphia, PA 19176-0283               Po Box 3910                              4620 Woodland Corporate Blvd
                                          Tupelo, MS 38803-3910                    Tampa, FL 33614-2415

Huntsville Emergency Physicians Group     I C System Inc                           LVNV Funding, LLC
c/o Franklin Collection Service           Attn: Bankruptcy                         Resurgent Capital Services
PO Box 3910                               P.O. Box 64378                           PO Box 10587
Tupelo, MS 38803-3910                     St. Paul, MN 55164-0378                  Greenville, SC 29603-0587

LVNV Funding/Resurgent Capital            Lawrence Medical Center                  MRS BPO
Attn: Bankruptcy                          202 Hospital St                          Attn: Bankruptcy
Po Box 10497                              Moulton, AL 35650-1254                   1930 Olney Ave
Greenville, SC 29603-0497                                                          Cherry Hill, NJ 08003-2016

Medical Data Systems Inc                  Online Collections                       Service Loan
Attn: Bankruptcy Dept                     Attn: Bankruptcy                         909 6th Avenue SE Suite C
2001 9th Ave Ste 312                      Po Box 1489                              Decatur, AL 35601-3966
Vero Beach, FL 32960-6413                 Winterville, NC 28590-1489
```

| | | |
|---|---|---|
| Snap Financial<br>PO Box 26561<br>Salt Lake City, UT 84126-0561 | State of Tennessee Department of Human Servi<br>103 S Main<br>Fayetteville, TN 37334-3057 | Sun Loan Company<br>2222 6th Ave Se<br>Decatur, AL 35601-6512 |
| Tennessee Child Support<br>Department of Human Services<br>400 Deadrick Street<br>Nashville, TN 37243-1403 | Transworld Systems Inc<br>Attn: Bankruptcy<br>500 Virginia Dr Ste 514<br>Fort Washington, PA 19034-2707 | Wakefield & Associates<br>Attn: bankruptcy<br>7005 Middlebrook Pike<br>Knoxville, TN 37909-1156 |
| David White II<br>23582 Slate Rd. Lot E<br>Athens, AL 35614-6385 | John C. Larsen<br>Larsen Law, P.C.<br>1733 Winchester Rd<br>Huntsville, AL 35811-9190 | Michele T. Hatcher<br>Chapter 13 Trustee<br>P.O. Box 2388<br>Decatur, AL 35602-2388 |
| Rebecca Wolfe<br>23582 Slate Rd. Lot E<br>Athens, AL 35614-6385 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Direct TV<br>2230 East Imperial Hwy<br>El Segundo, CA 90245 | Farmers Furniture<br>Attn: Bankruptcy Department<br>Po Box 1140<br>Dublin, GA 31040 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)I C System Inc<br>Attn: Bankruptcy<br>Po Box 64378<br>St Paul, MN 55164-0378 | End of Label Matrix<br>Mailable recipients    39<br>Bypassed recipients     1<br>Total                  40 |